USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1152 HECTOR SANTOS RAMIREZ, ET AL., Plaintiffs, Appellants, v. CARLOS LOPEZ FELICIANO, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ____________________ Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Howard Charles, with whom Ortiz, Toro & Ortiz Brunet was on brief ______________ __________________________ for appellants. Edgardo Rodriguez Quilichini, Assistant Solicitor General, with _____________________________ whom Pedro A. Delgado-Hernandez, Solicitor General, and Carlos Lugo ___________________________ ___________ Fiol, Deputy Solicitor General, were on brief for appellees. ____ ____________________ September 1, 1994 ____________________ Per Curiam. Appellant Hector Santos Ramirez, joined by Per Curiam. __________ his family, initiated this civil rights action, see 42 U.S.C. ___ 1983, alleging that certain narcotics agents affiliated with the Puerto Rico Police had conspired to violate his constitu- tional rights under the Fourth and Fourteenth Amendments to the United States Constitution by using false statements to obtain warrants to search his residence and place of business, without probable cause. The defendant-officers eventually moved for summary judgment on grounds of qualified immunity and Santos interposed written opposition. On the recommendation of the magistrate judge, the district court ordered all parties to comply with District of Puerto Rico Local Rule 311.12, which requires a party requesting or opposing summary judgment to file a detailed factual statement supported by specific references to the record.1 The statement ____________________ 1Notwithstanding Puerto Rico Local Rule 311.12, Santos' initial opposition to the motion for summary judgment failed to specify any disputed facts warranting trial. Local Rule 311.12 provides: Upon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party. The papers opposing a motion for summary judgment shall include a separate, short, concise statement of material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record. 2 of facts filed by Santos consisted entirely of loosely worded allegations imported from the complaint, rephrased in the form of questions of fact, and accompanied by a single record reference to Santos' own affidavit affirming the allegations in the com- plaint: "to the best of our knowledge the facts set forth in [the complaint] are true and should be considered as set forth herein." The magistrate judge ruled that Santos had failed to comply with Rule 311.12, and thereupon deemed all uncontroverted facts set forth in defendants' statement admitted. See D.P.R. ___ Loc. Rule 311.12; supra note 1. The magistrate judge recommended _____ that the district court grant the motion for summary judgment on qualified immunity grounds. The recommendation was adopted by the district court over Santos' timely objection, and Santos appealed. Santos concedes that Local Rule 311.12 was duly promul- gated pursuant to Fed. R. Civ. P. 83. See generally Stepanischen ___ _________ ____________ v. Merchants Despatch Trans. Corp., 722 F.2d 922, 929 (1st Cir. ________________________________ 1983) (encouraging adoption of local rules prescribing summary judgment procedures, and citing the forerunner to D.P.R. Loc. Rule 311.12 as an exemplar for curbing imprecise summary judgment practices which force district courts to "ferret through the record" to assess the viability of competing claims). Of course, it is well established that the "[d]istrict courts enjoy broad latitude in administering local rules[, and] are entitled to demand adherence to specific mandates contained in the rules." ____________________ D.P.R. Loc. Rule 311.12. 3 Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., slip ______________________ ________________________________ op. at 8 (1st Cir. June 7, 1994). Recently, we reaffirmed our longstanding view that "local rules are an important vehicle by which courts operate[, and they] carry the force of law." Id. at ___ 7. Even though the initial report and recommendation to the district judge recounted in detail the requirements imposed by Rule 311.12, as well as the governing summary judgment proce- dure, Santos' Rule 311.12 statement of facts in opposition to summary judgment contained but a single "record reference" to a facially deficient affidavit by Santos, see Sheinkopf v. Stone, ___ _________ _____ 927 F.2d 1259, 1270 (1st Cir. 1991) ("It is apodictic that an 'affidavit . . . made upon information and belief . . . does not comply with Rule 56(e).'") (quoting Automatic Radio Mfg., Inc. v. __________________________ Hazeltine Research, Inc., 339 U.S. 827, 831 (1949)), which rested ________________________ entirely on the conclusory allegations in the complaint, Moreau ______ v. Local 247, International Bhd. of Firemen & Oilers, 851 F.2d ___________________________________________________ 516, 518 (1st Cir. 1988) ("The [party opposing summary judgment] may not merely rest on the pleadings and arguments, but must set forth specific facts showing a genuine issue about a material fact."). See generally Fed. R. Civ. P. 56(e) ("When a motion for ___ _________ summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."). Since the opposition submitted by Santos did not 4 contain a "concise statement of material facts . . . properly supported by specific reference to the record," as required by Local Rule 311.12, the specific facts set forth in defendants' duly supported statement of uncontroverted facts were, quite properly, deemed admitted. See, e.g., Rivas v. Federacion de ___ ____ _____ _____________ Asociaciones Pecuaria de Puerto Rico, 929 F.2d 814, 816 n.2 (1st _____________________________________ Cir. 1991). Finally, an independent review of the district court record, Velez-Gomez v. SMA Life Assur. Co., 8 F.3d 873, 874 (1st ___________ ____________________ Cir. 1993), satisfies us that defendants were entitled to judg- ment, as a matter of law, based on the unopposed factual showings made in their statement of uncontroverted facts. Affirmed. Affirmed. ________ 5